Mr. Justice Teottbh
delivered the opinion of the court.
The only ground urged in support of the demurrer, is that the bill does not contain an offer to redeem, which it is said is necessary in all bills to redeem mortgaged property. This proposition is undoubtedly correct, and the doctrine laid down by the court in the case of Beekman v. Frost, 18 J. R. 560, that it is certainly an essential part of a bill to redeem a mortgage, that it offer in express terms to pay the amount due, with costs, &c. is readily assented to. The controversy must, therefore, be determined by the answer, which is furnished by the bill itself, to the enquiry, whether there is upon its face an offer to redeem, not in so many words, but by terms which mean the same thing. There is an averment that the complainant tendered the money due on the loan, some time prior to the day limited for payment. The defendant refused to receive it, not because the tender was premature, or not authorized by the terms of the agreement, but upon the exjjirgss^d groupd that complainant had no right to redeem. This feature cause, renders it unnecessary for the court to decide upon the right of complainant to make payment before the day fixed upon" in fhe contract. But it may be considered that as a plea of tender is had, without a continuing offer to pay, and an averment'of present readiness to do so, this averment in the bill for the same reasons is not sufficient to bring the case within the rule before laid down, and that it is not, therefore, an offer to redeem the mortgage.
This might be a fatal objection, if this averment stood alone and unaided by other and subsequent parts of the bill. After praying a discovery, the bill asks a decree for the redelivery of the slave, and an account of hire from the time of the tender. This is certainly a prayer for an account; for although it may be considered to be quite inartificially expressed, yet its evident sense and legal import is such. And this has been held equivalent to an offer to redeem or tp pay whatever may be found due. Fonb. Eq. 439.
The case in 2 Atkyns, 267, which is referred to in support of *187 the demurrer, is most clearly a direct authority to support the bill. It is there held that in a bill where the mortgagee is a party, praying relief is the same thing as praying to redeem, for redemption is the proper relief; and if upon a reference to a master, to see what is due for principal, interest, and costs, they do not 'redeem the mortgage, the court will dismiss the application.
We are clearly satisfied that the decision of the chancellor was correct, and it must therefore be affirmed.' Decree affirmed.